## Staunton.

TATE'S EX'OR v. JONES.

SEPTEMBER 13, 1900.

Absent, Riely and Cardwell, JJ.

1. FIDUCIARIES—*Receipts in Full—Subsequent Collections—Presumption.*—
Under the circumstances of this case, the receipt of a legatee to a
personal representative, in full of all interest in the testator's estate,
is presumed to cover his share of the uncollected assets, as well as
funds in hand. The presumption, however, is only *prima facie.*

2. LACHES.—Reasonable diligence in the institution of a suit is as
essential to equitable relief as conscience and good faith. Where,
as in this case, there has been long delay in the institution of the
suit, the original transaction has become obscure, parties have died,
and evidence has probably been lost, equity will not interfere.

Appeal from a decree of the Circuit Court of Wythe county,
pronounced December 22, 1899, in a suit in chancery, wherein
the appellee was the complainant, and the appellant and others
were the defendants.

*Reversed.*

The opinion states the case.

*James H. Gilmore* and *White & Buchanan,* for the appellant.

*A. L. Robinson* and *C. B. Thomas,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

John McCready died in the year 1862 testate. His son, Wil-

liam J. McCready, one of the executors named in the will, qualified as such in November of that year. In the year 1871 he refused to give additional security, and his powers as executor were revoked. M. B. Tate was appointed administrator of the unadministered estate, with the will annexed. Neither the executor nor the administrator *de bonis non* returned an inventory of the assets which came to their possession or knowledge, nor did either of them lay before the commissioner of accounts a statement of his receipts for any year, or cause a settlement of his accounts to be made, as required by chapter 121 of the Code. The executor died in the year 1877, and the administrator *de bonis non* in the year 1892. This suit was instituted in the year 1895 by the assignee of one of the residuary legatees, for a settlement of the accounts of the administrator. The defense relied on is the long and unexplained delay of the complainant in asserting his claim, which was acquired by assignment from Thomas F. McCready, one of the residuary legatees, in the year 1874.

Neither in the complainant's bill, nor in his proof, is there any explanation furnished of his great delay in bringing suit. Whilst it is true that the administrator returned no inventory, and made no settlement of his accounts before the commissioner of accounts, it seems that he had some kind of a settlement, or accounting, with the residuary legatees, in the year 1874 or 1875. In August, 1873, William J. McCready, the late executor, assigned all his interest in the personal estate of the testator, which had, or would, come to the hands of the administrator *de bonis non* for administration, to M. McCormick, and on the 4th of September, 1874, McCormick executed a receipt to the administrator in full settlement of that interest in the testator's estate.

On the 29th day of August, 1874, W. R. McCready, one of the residuary legatees, gave the administrator a receipt in full of the interest which he took under the will, and on the 2d day

of September following he executed as assignee of his brother, John L. McCready, another residuary legatee, a receipt to the administrator, in full settlement of that interest.

On the 26th day of August, 1875, Thomas F. McCready, the other residuary legatee, and the party under whom the complainant claims, executed a receipt to the administrator, in full of his interest in the estate. The genuineness of this receipt is disputed by the complainant.

Subsequent to the date of those receipts, the administrator collected more than three hundred dollars on judgments rendered in his favor as administrator before the receipts were given. The receipts being in full of all the interests which the parties giving them had in the testator's estate, the presumption is that the amounts due on those judgments were embraced in the settlement or calculation made when the receipts were given. That presumption, however, is only *prima facie*, and in a case like this would be more easily rebutted than where the party taking the receipt did not occupy a fiduciary relation.

There is nothing, however, in this case tending to rebut that presumption. After the execution of those receipts, and until the administrator's death, a period of seventeen or eighteen years, all the parties in interest seem to have treated the accounts of the administrator as settled, so far as their interests were concerned. After the administrator's death, and until the institution of this suit, no claim was made against his estate on that account, by any of the parties except the complainant, and during the progress of the cause none of the parties in whose favor the decree was rendered appeared, so far as the record shows, and claimed that anything was due them, or that the receipts in full did not include all their interests in the testator's personal estate.

In December, 1892, within a few months after the administrator's death, the complainant asserted his claim, and in the year 1895, as before stated, instituted this suit.

Although the complainant became the assignee of the claim now asserted in the year 1874, it does not appear that he ever notified the administrator of its assignment to him, or made any demand upon him, or sought a settlement of his accounts as administrator. In August, 1875, nearly a year after the complainant became the assignee of Thomas F. McCready's legacy, the administrator paid McCready a small sum and took his receipt in full for his interest in the estate.

In the year 1891 the administrator and the complainant had a settlement, in which a judgment in favor of Tate as administrator of the testator's estate against the complainant, and the private dealings between them, were settled, yet it clearly appears that at that time no mention was made of the claim now asserted.

As before stated, the complainant, neither in his pleadings nor his proof, gives any explanation for his long delay in asserting his claim.

In the case of *Covington* v. *Griffin's Adm'r*, *ante* page 124, this court, in discussing the question of laches, held, upon the authorities quoted, that "reasonable diligence" was as essential to the granting of relief in equity as conscience and good faith.

It cannot be said that there has been reasonable diligence in this case. The complainant delayed asserting his claim (notwithstanding the receipts in full had been given to the administrator twenty years before, of which he must have had notice) until the original transaction out of which it arose had become obscure by time, parties had died, and evidence had probably been lost, so that it would be impossible now, with any degree of certainty, to do justice between the parties.

The decree appealed from must, therefore, be reversed, and the complainant's bill dismissed.

*Reversed.*